## Pou *v.* Valdejuly et al.

Apelación procedente de la Corte de Distrito de San Juan.

No. 82.—Resuelto en abril 15, 1904.

Obligaciones.—Una de las fuentes de las obligaciones son los actos u omisiones ilícitas en que intervenga cualquier género de culpa o negligencia.

Id.—Jactancia—Daños y Perjuicios—Indemnización.—Los actos que según las Leyes de Partidas pueden dar lugar a la acción de jactancia, pueden asimismo originar una obligación nacida de culpa o negligencia, pero el efecto de tal obligación no puede ser otro que obligar al jactancioso a reparar el daño que hubiere causado, indemnizando el perjuicio sufrido por la persona objeto de la jactancia, mas no es posible compeler al jactancioso a entablar acción alguna contra su víctima o reducirlo a perpetuo silencio, en su defecto.

Id.—La obligación de reparar un daño, aun en el caso de que pueda serlo mediante un acto del obligado a la reparación, tendría que traducirse en la indemnización del perjuicio sufrido, si el obligado no puede realizar dicho acto.

Id.—Libelo.—Toda acción civil que se ejercite a consecuencia de cualquier difamación o acto tendente a desacreditar, deshonrar o menospreciar a una per-

sona, es una acción de libelo y el efecto de ésta no es otro que la indemnización pecuniaria del perjudicado.

ID.—La acción de una parte haciendo consignar en un acta judicial, determinados hechos que califica de injuriosos, y los que consigna *a los efectos legales que se reserva*, no significa jactancia de ningún género, ni puede ofender, ni dañar en modo alguno la reputación y crédito de la persona a quien se impute la comisión de tales hechos.

EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo seguido en el Tribunal del Distrito de San Juan, entre partes de la una como demandante Don Rafael R. Pou y López de Victoria, industrial y vecino de esta ciudad, representado y dirigido por su abogado defensor Don Rafael López Landrón, y de la otra como demandados Don Tomás Valdejuly y Calatraveño, Don Rafael Gutiérrez del Arroyo y Don José Oller, vecinos de Bayamón, que no han comparecido en esta superioridad, no obstante haber sido citados y emplazados, sobre jactancia, (*) autos pendientes ante nos a virtud de apelación interpuesta por el demandante contra la sentencia pronunciada por el referido tribunal de distrito, la que copiada literalmente dice así:

"*Sentencia.* En la ciudad de San Juan de Puerto Rico, a los 18 días del mes de julio de 1903.

"Visto en juicio oral y público este pleito seguido entre partes de la una, como actora, Don Rafael R. Pou y López de Victoria, industrial vecino de San Juan, y de la otra como demandados Don Tomás Valdejuly y Calatraveño, Don Rafael Gutiérrez del Arroyo y Don José Oller, vecinos de Bayamón, defendido y representado el primero por el Letrado Don Rafael López Landrón, y los demás por el Letrado, Don Eduardo Acuña Aybar, sobre jactancia.

"1º. *Resultando:* que en 18 de noviembre presentó el Letrado Don Rafael López Landrón a nombre del Sr. Pou demanda contra los expresados Valdejuly, Gutiérrez y Oller solicitando que se les condenara a formalizar, dentro del plazo perentorio que al efecto se les fijara, contra su defendido, todas las acciones, de que se creyeran asistidos, o en otro caso se les condenara a perpetuo silencio e indemnización de perjuicios con el pago de las costas; demanda que fundó, en cuanto a Valdejuly, en el hecho de haber consignado en acta levan-

tada por el Juez Municipal de Bayamón, a requerimiento de dicho Valdejuly y en presencia de Pou la frase siguiente: 'que considerando la referida nota altamente injuriosa a su personalidad porque ponía en tela de juicio su reputación como notario, requería al juez para hacer constar los hechos   *   *   *' · cuya nota, que dejó el Sr. Pou al escribiente del Sr. Valdejuly después de examinar los protocolos de 1896 y 1897 en la notaría, decía a la letra: 'Palabras textuales del testamento de Doña Belén. Han sido pagados todos los bienes de Don Pedro del Arroyo con la mitad de la finca de Pueblo Viejo. Estas palabras que leí en el anterior documento no las encuentro en el de hoy. Rafael R. Pou;' y en cuanto a los demás demandados, en el hecho de haber dirigido cartas Oller a Gutiérrez del Arroyo y éste a su hermana Doña Dolores, tía de Doña Felicia, por cuyo encargo Pou examinó los protocolos del notario de Bayamón, en las que anunciaba consecuencias desagradables en que había de sonar el nombre de la Srta. Fernández, por tratarse de un asunto enojoso de un caballero extremadamente susceptible, cuyas alusiones, amenazas embozadas molestan y perjudican al Sr. Pou; alegando (*) como fundamentos de derecho los artículos 1088, 1089, 1902 y 1903 del Código Civil.

"2°. *Resultando:* que conferido traslado de la demanda a los demandados, la contestó el Letrado Don António Alvarez Nava dentro del término legal, exponiendo como hechos en lo'sustancial, que Pou al examinar el protocolo manifestó verbalmente a Otero, oficial de la notaría Valdejuly, que el testamento que había examinado no era el mismo de los días anteriores, dejando a dicho oficial la nota de que se ha hecho mérito para entregarla al Sr. Valdejuly; que estimando Valdejuly calumniosas las manifestaciones de Pou, levantó el acta referida con el fin de proceder, si así lo estimaba conveniente, contra Pou por el delito de calumnia; y que los demás demandados escribieron cartas a Doña Dolores Fernández del·Arroyo, oficiosamente y sin intervención de Valdejuly, participándole que temían que éste se querellara contra Pou y que sería conveniente le hablasen para que desistiera de su propósito; alegando como derecho el ser inaplicable al caso la ley 46, título 2, partida 3, que establece para otros casos la llamada acción de jactancia, y la inaplicación al caso del artículo 1089 del Código Civil.

"3.° *Resultando:* que el actor propuso prueba de confesión de los demandados, documentos públicos, documentos privados y testifical; y los demandados confesoria, documentos públicos y de testigo.

"4°. *Resultando:* de la prueba del actor que se unió a los autos el acta judicial de que se ha hecho mérito en los precedentes resultandos, apareciendo de la misma que en efecto Valdejuly consignó en dicho documento las frases siguientes: 'El papel del Sr. Pou contiene una injuria contra el dicente por más que haya tratado de atenuarla. El dicente no desea prorrogar por más tiempo este acto y para corroborar todo cuanto deja expuesto a los efectos legales que para sí reserva, suplica al juzgado proceda al cotejo de la copia que en este acto presenta de dicho testamento (el otorgado por Doña Belén Umpierre en 27 de septiembre de 1877 por poder de su marido Don Ramón Gutiérrez del Arroyo) con su escritura matriz.'

"5°. *Resultando:* que los testigos del demandado, Juan Otero, José María Serra y Doña Felicia Fernández declararon, el primero, haber presenciado el otorgamiento de la repetida acta judicial, sin haber oído jactarse a Valdejuly ni a nadie de que van a hacer algo (*) al Sr. Pou; el segundo, sobre referencia que le hizo Pou de las discrepancias que motivaron la nota referida; y la tercera, que comisionó a Pou para la busca del testamento de sus abuelos y que Valdejuly y Gutiérrez del Arroyo se han jactado de que van a hacer y a acontecer al Sr. Pou, y que sostiene con Gutiérrez pleito y ha denunciado criminalmente a Valdejuly, siendo sobrina del primero.

"6° *Resultando:* que las demás pruebas propuestas de confesión del actor y demandados, reconocimiento de documentos privados y testamento otorgado por Doña Belén Umpierre, y declaraciones de los testigos Andino, Vizcarrondo y Doña Dolores Gutiérrez, dejaron de practicarse por renuncia de las partes.

"7°. *Resultando:* que celebrado el juicio oral en esta causa civil, cada parte alegó lo que a su derecho convino, dictándose sentencia en audiencia pública con citación de aquéllas.

"8°. *Resultando:* que en la tramitación de este juicio se han observado las formalidades legales.

"Siendo Ponente el Juez Asociado Don José Tous Soto.

"1°. *Considerando:* que siendo una de las fuentes de las obligaciones los actos u omisiones ilícitas en que intervenga cualquier género de culpa o negligencia, pueden engendrar una obligación de esta índole todas los actos que según ley 46, título 2, partida 5 dan lugar a la acción de jactancia, si los actos realizados por el jactancioso atribuyéndose derechos contra el demandado, causan a éste un daño que debe ser reparado, de conformidad con el artículo 1803 del Código Civil; pero el efecto de tal obligación no puede ser otro que obligar

al jactancioso a reparar el daño causado, indemnizando el perjuicio sufrido por la persona que es víctima de la jactantia, que es el efecto de toda obligación nacida de culpa o negligencia, sin que pueda pretenderse con éxito que tal efecto se extienda a compeler obligado por el acto ilícito de jactancia a interponer demanda contra su demandante en un plazo perentorio y en caso de no verificarlo reducirlo a perpetuo silencio como determina la ley de partidas, en este punto derogada por el Código Civil de 1889.

"2º. *Considerando:* que no puede pretenderse que la reparación del daño causado por el jactancioso tenga lugar obligando a éste a demandar a la persona de quien se jactó o condenándole, si no lo (*) verificare, a perpetuo silencio, pues aparte de que ninguno de estos medios es adecuado a reparar un daño causado en la reputación, honor o crédito de una persona por jactancia de otro, la obligación de reparar un daño, aún en el caso de que pueda serlo mediante un acto del obligado a la reparación, tendría que traducirse en la indemnización del perjuicio sufrido si el obligado no puede o no quiere realizar dicho acto, conforme a las reglas que rigen el cumplimiento de las obligaciones de hacer.

"3º. *Considerando:* de otra parte que toda acción civil que se ejercite a consecuencia de cualquier difamación o acto tendente a desacreditar, deshonrar o menospreciar al demandante, debe hacerse valer de conformidad con la Ley de la Asamblea Legislativa autorizando pleitos civiles por daños y perjuicios ocasionados por libelo y calumnia, vigente desde 19 de febrero de 1902, fecha anterior a los hechos que sirven de fundamento a la demanda, y según dicha ley, la acción de libelo no produce otro efecto que una indemnización pecuniaria al perjudicado.

"4º. *Considerando:* que aparte la cuestión legal discutida en los considerandos precedentes sobre los efectos de la acción que se ejercite por jactancias perjudiciales a la honra o crédito del actor, en el caso presente no existe prueba ni indicio alguno de que los demandados se jactaran de tener ningún derecho sobre la persona o bienes del actor ni de cosa alguna que redundar pudiera en deshonra, menosprecio o descrédito de dicho demandante, pues el acto de Valdejuly haciendo consignar en un acta judicial determinados hechos que califica de injuriosa 'para los efectos legales que se reserva,' no significa jactancia de ningún género ni puede ofender ni dañar en modo alguno la reputación y crédito del demandante, aun en el supuesto de que se hubiera manifestado claramente la in-

tención de Valdejuly ·de querellarse contra Pou, pues la reserva de un derecho por quien cree tenerlo jamás puede lastimar el derecho de otro; y en cuanto a los ·demás demandados, el hecho de escribir el uno al otro y éste a la señora .tía de la Srta. Gutiérrez del Arroyo, anunciándole el propósito de Valdejuly de querellarse contra Pou, no puede argüir jactancia de clase alguna.

"5°. *Considerando:* que la parte cuyas pretensiones se desestimaren en absoluto debe ser condenada en costas.

"*Vistas* las disposiciones legales citadas y los artículos 1055, 1056, 1065 y 1803 del Código Civil y los de aplicación de la Ley ·de Enjuiciamiento (*) Civil y Orden General 118, serie de 1899.

"*Fallamos:* que debemos declarar, y declaramos, sin lugar esta demanda de jactancia e indemnización de daños y perjuicios, con las costas al actor. Así por ésta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos."

*Resultando:* que contra esta sentencia interpuso apelación la representación del demandante Don Rafael R. Pou y López de Victoria la que le fué admitida libremente y en ambos efectos, y que elevados los autos a esta superioridad con citación y emplazamiento de las partes, y personada la apelante, se dió al recurso la tramitación correspondiente y se señaló día para la vista, cuyo acto se celebró con asistencia del abogado defensor de la parte apelante.

Abogado del apelante: *Sr. López Landrón.*

Las partes apeladas no han comparecido.

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistas* las disposiciones legales que en la misma se citan.

*Fallamos:* que debemos confirmar y confirmamos la referida sentencia con las costas a la parte apelante; y remítase copia certificada de esta sentencia al tribunal inferior, devolviéndosele los autos.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.